## State of Connecticut *v.* George L. Clements

House, C. J., Shapiro, Loiselle, MacDonald and Bogdanski, Js.

Argued January 2—decision released February 26, 1974

*Gary J. Friedman,* with whom, on the brief, was *Arthur Levy, Jr.,* for the appellant (defendant).

*Walter D. Flanagan,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Richard F. Jacobson,* assistant state's attorney, for the appellee (state).

Per Curiam. On a trial to a jury the defendant was found guilty on a count of rape in violation of General Statutes § 53-238 and on a count of kidnapping in violation of § 53-27. The court denied his motion to set aside the verdict and judgment was entered on the verdict as rendered. The defendant has appealed, claiming error in relation to a portion of the court's charge to the jury, in a ruling on evidence, in its refusal to find certain facts claimed to be admitted and undisputed and in denying his motion for a directed verdict.

We find no merit whatsoever to the appeal. There is nothing in the record to indicate error in the charge to the jury, in the ruling on evidence or in the finding made by the court. Neither does the

record indicate that the verdict returned was not reasonably reached on a proper consideration of the evidence.

We are constrained to discuss one further matter. In the defendant's brief an attack is made upon the public defender who represented him at the trial. The claim is asserted by the defendant through private counsel who now represent the defendant on this appeal that the public defender afforded him inadequate representation which prejudiced his right to a fair trial. When the appeal was argued before this court, counsel for the defendant stated that he was withdrawing this claim. Nevertheless, such a charge, if unfounded, is one not to be made frivolously. Unless such a claim, as appears in the defendant's brief, is made with serious intent and is based upon valid grounds, better judgment would dictate and the honor of the profession would require that the matter not be raised in the first instance.

There is no error.